IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION-YOUNGSTOWN

| | | |
|---|---|---|
| VIOLA AND LOUIS SAULSBERRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:12-cv-1497 |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| NORTHSTAR LOCATION SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

## PARTIES

1

4.      Plaintiffs, Viola and Louis Saulsberry ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Ohio, County of Mahoning, and City of Youngstown.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Northstar Location Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiff Louis Saulsberry's ("Mr. Saulsberry") cellular telephone on March 6, 2012 at 12:21 P.M., and at such time, left the following voicemail message:

> "[Truncated] . . . [F]or you to listen to this message, otherwise press delete now. Mr. Saulsberry, my name is Jerry McCord. I'm calling from Northstar Location Services in regards to an important matter of yours. Please return my phone call. 1-866-677-2587. Extension is 1383. Reference number when responding is 2012-78492. Thank you and have a great day."

12.     In its voicemail message of March 6, 2012, Defendant failed to notify Mr. Saulsberry that the communication was from a debt collector.

13.     In failing to disclose that the communication was from a debt collector in its voicemail message of March 6, 2012, Defendant failed to meaningfully disclose its identity to Mr. Saulsberry.

14.     Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

15.     Plaintiffs repeat and re-allege each and every allegation contained above.

3

16.    Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

17.    Plaintiffs repeat and re-allege each and every allegation contained above.

18.    Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

4

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19.  Plaintiffs are entitled to and hereby demand a trial by jury.

This 12th day of June, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

5